FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SHARON CARROLL, individually and on behalf of all persons similarly situated,

Plaintiff,

v.

GLENMARK PHARMECEUTICALS INC USA, aka Glenmark,

Defendant.

No. 2:26-CV-00327-SAB

**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**

Before the Court are Defendant's Motion to Dismiss Class Action Complaint, ECF No. 10 and Motion Requesting Judicial Notice Re: A Declaration in Support of the Motion to Dismiss, ECF No. 12. Plaintiff is represented by Cecily Jordan, David J. Stanoch, Elijah D. Swedlow, Kim D. Stephens, and Ruben Honik. Defendant is represented by Amy McVeigh, Thomas J. Yoo, and Emily C. McNally. The motion was considered without oral argument.

## **Background**

Defendant Glenmark Pharmaceuticals sells Carvedilol, the generic version of the branded drug Coreg. The drug is a beta blocker that treats high blood pressure, congestive heart failure, and other heart conditions. Defendant marketed the drug as therapeutically equivalent to the brand name version and distributed it for sale.

Plaintiff Sharon Carroll is a citizen and/or resident of Washington. Plaintiff purchased Defendant's Carvedilol in Washington on or about March 16, 2024 (12.5 mg), October 4, 2024 (6.25mg), March 31, 2025 (6.25 mg), and July 2, 2025 (6.25 mg). Plaintiff does not provide the lot number of the drugs she purchased from Defendant. She also does not provide the reason she purchased the drug, or any adverse effects she suffered after taking them.

In or about March of 2025, the FDA announced a nationwide voluntary recall of more than 732,000 bottles of Defendant's Carvedilol. The FDA's Enforcement report cites a cGMP Deviation, presence of an impurity called N-Nitroso-Carvedilol I, above the recommended acceptable intake limit as the reason for the recall. N-Nitroso-Carvedilol I is a nitrosamine that Plaintiff alleges can cause cancer.

In August 2025, Defendant issued a second voluntary recall of the same drug, for the same reason. Plaintiff claims that all of Defendant's carvedilol was manufactured the same way as the recalled drugs and, because the impurity is related to the process of manufacture, "it would be expected that the nitrosamine would exist in every batch or lot." Therefore, because Plaintiff purchased the same medication with the same expiry date, the drugs she purchased were contaminated with nitrosamine, and she suffered physical and economic damages by purchasing defective and harmful medication.

Defendant challenges Plaintiff's standing to bring her claim and also brings some claim-specific challenges. Defendant claims Plaintiff has not pled an injury sufficient to have standing and relies on impermissible assumptions to claim an injury. Defendant also claims Plaintiff has not plead an ongoing injury sufficient to claim injunctive relief or to permit her to assert claims on behalf of other class members.

//

//

**Legal Standard**

1. Pleading Standards

Fed. R. Civ. P. 12(b)(1), allows a party to move to dismiss a complaint for lack of subject-matter jurisdiction. The challenger makes a facial attack under this rule by accepting the truth of the plaintiff's allegations but also asserting they are facially insufficient to invoke federal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). To establish Article III jurisdiction, a Plaintiff must show they suffered an injury in fact, a causal connection between the injury and the conduct complained of, and it is likely that a favorable decision would redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The alleged injury must be "concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

Overpayment is a viable theory for economic injury for the purpose of standing. *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 706-08 (9th Cir. 2020). That is, a plaintiff "may satisfy the injury in fact requirement by showing that she paid more for a product than she otherwise would have due to a defendant's false representations about the product." *Id.* at 706. Even absent misrepresentations, economic injury may be established based on overpayment when there is a hidden defect. *Id.* (distinguishing the analysis in *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009), where the court found no injury because the plaintiff failed to allege a cognizable defect). Plaintiffs may seek injunctive relief against false advertising when they allege they are consumers who have been previously deceived by a defendant. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). In those cases, plaintiffs may face the threat of future harm that they "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product," even if they want to. *Id.* at 699-70.

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule

12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains enough factual allegations that the court can reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may plead facts based on information and belief "where the belief is based on factual information that makes the inference of culpability possible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010)).

When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008). Courts should draw on "judicial experience and common sense" when evaluating whether a complaint states a plausible claim for relief. *Ashcroft*, 556 U.S. at 679. "If an innocent explanation for the allegations is more likely, the complaint does not plausibly state a claim for relief." *Nielsen v. Thornell*, 101 F.4th 1164, 1169 (9th Cir. 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *overruled on other grounds by Arizona Alliance for Retired Americans v. Mayes*, 186 F.4th 622, 634 (9th Cir. 2026).

Finally, a plaintiff who alleges fraud or mistake "must state with particularity the circumstances constituting" the fraud. Fed. R. Civ. Pro. 9(b). In doing so, the plaintiff must "articulate the who, what, when, where, and how of the alleged misconduct," what is misleading or false about the statement, and why it is false. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020). When alleging fraud, a plaintiff must "set forth *more* than the neutral facts necessary to identify the

transaction." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994). More than simply identifying the statement or issue complained of, the plaintiff must provide the circumstances that indicate falseness. *Id*.

2. Claim-Specific Challenges

Washington's Consumer Protection Act (CPA) prohibits "unfair or deceptive acts or practices in the conduct of any trade of commerce." RCW 19.86.020. In order for a private citizen to sue under this section, a plaintiff must prove: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) a causal link between the unfair or deceptive act and the injury." *Montes v. SPARC Group LLC*, 6 Wash.3d 321, 330 (2026). Injury to a person's business or property means the injuries must be economic in nature. *Id.* at 331.

The Washington Product Liability Act ("WPLA") provides remedies for product liability claims in Washington. The Act does not allow for recovery when the only basis of the claim is economic losses. *Alejandre v. Bull*, 159 Wash.2d 674, 684 (2007). Those claims are limited to recovery under the Uniform Commercial Code. *Id.* Courts follow one of two approaches in deciding whether damages constitute more than purely economic loss; the "sudden and dangerous test," which involves analyzing how a product failure occurs, and the "evaluative approach," which "examines interrelated factors such as the nature of the defect, the type of risk, and the manner in which the injury arose." *Touchet Valley Grain Growers, Inc. v. Opp & Seibold General Const., Inc.*, 119 Wash.2d 334, 351-52 (1992).

**Analysis**

Defendant claims that Plaintiff's claims are so implausible that they cannot survive a motion to dismiss. However, in doing so, Defendant makes fact-based arguments that are more suited to the summary judgement stage. Drawing all inferences in favor of the Plaintiff, all but one of her counts survive.

First, Plaintiff brings Count III under the Magnuson-Moss Warranty Act. The Magnuson-Moss Warranty Act allows plaintiffs to sue in federal court for breaches of express and implied warranty under state law. *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1032 (9th Cir. 2020). A class action claim may only be brought in a district court under this Act if one hundred or more plaintiffs are named. 15 U.S.C. § 2310(d)(3)(C). The one-hundred plaintiff requirement is clear, does not conflict with the Class Action Fairness Act, and CAFA "may not be used to evade or override the MMWA's specific numerosity requirement." *Floyd*, 966 F.3d at 1035. Sharon Carroll is the only named plaintiff here. Therefore, Count III is dismissed for failure to meet the Act's pleading requirements.

Plaintiff claims she suffered physical injury through exposure to a carcinogen and economic injury because she purchased contaminated medication Defendant put forth as equivalent to the uncontaminated brand-name drug that she would not have bought if she knew it was contaminated, and the Court can redress her injury through economic damages and injunctive relief. Plaintiff's claims rely on a logical leap connecting Defendant's recall of some lots of carvedilol to the carvedilol Plaintiff purchased. Defendant disputes that logical leap and offers a declaration in support of the challenge. However, in doing so, Defendant invites the Court to make factual determinations that are better suited to the summary judgement stage. Additionally, overpayment is a viable theory for economic injury, *McGee*, 982 F.3d at 706-08, and injunctive relief is permitted in false advertising cases, *Davidson*, 889 F.3d at 969. Therefore, at this point, drawing all inferences in favor of the non-moving party, Plaintiff has satisfied both Rule 12(b)(1) and (b)(6)'s pleading requirements.

Plaintiff has satisfied Rule 9(b)'s heightened pleading standard in making her fraud-based claims. She has plead Defendant falsely put forth their medication as equivalent to the name-brand version when it contained nitrosamine by being labeled as equivalent to the name-brand Coreg, which is not contaminated. She

plead that the statement misled her about the quality of the medication she bought, and she was misled in order to induce her to purchase the medication four times. Plaintiff has satisfied Rule 9(b)'s heightened standards. Therefore, Defendant's motion to dismiss on the basis of pleading standards is denied.

Defendant asserts Plaintiff's CPA claim does not draw the correct causal connection between the challenged conduct and the injury because regret or inducement alone does not establish an injury when the consumer receives a fungible product purchased. *Montes*, 6 Wash.3d at 331. However, Plaintiff claims not only economic injury, but also that she received a defective, contaminated product. Therefore, the motion to dismiss on the basis of the CPA is denied.

Similarly, Defendant argues Plaintiff's negligence claims should be dismissed because they are only economic claims that should be brought only under the UCC. However, Count V alleges the harm of being exposed to a carcinogen, a non-economic injury. And analysis of Defendant's challenge to Counts VII and IX require fact-based inquiry to resolve. Evaluating both the nature of plaintiff's damages under *Touchet* for Plaintiff's negligence claim and the plausibility of the contamination of Plaintiff's medication for Plaintiff's unjust enrichment claim requires factual determinations not suited to this stage of proceedings. Therefore, Defendant's motion to dismiss claims V, VII, and IX are denied.

Finally, Defendant's arguments regarding the nationwide claims Plaintiff alleges on behalf of other proposed class members are not ripe for review. Under the class certification approach addressing standing and class certification adopted by the Ninth Circuit in *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015), a plaintiff need first only demonstrate her individual standing to bring a claim. Only after that inquiry is concluded do courts proceed to the Rule 23(a) stage, which addresses class certification requirements. As Plaintiff has demonstrated individual standing, the Court need not address the rest of the class here.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Counts I, II, and IV-IX, ECF No. 10, is **DENIED**.

2. Defendant's Motion to Dismiss Count III is **GRANTED**.

3. Plaintiff's voluntary withdrawal of Count VIII, is **GRANTED**.

4. Defendant's Motion Requesting Judicial Notice, ECF No. 12 is **DENIED as moot**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this this 20th day of November 2026.

Stan Bastian
Chief United States District Judge